**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LYRIC HUNTER-BASSETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-01608** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALDI, INC.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, Lyric Hunter-Bassett ("Plaintiff"), by and through the undersigned counsel,

hereby files this Complaint against Aldi, Inc. ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination, sex-

based harassment, and retaliation under Title VII.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4.      All conditions precedent to jurisdiction have been satisfied.

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") (attached hereto as Exhibit "A").

6.    Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.    This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.    Plaintiff is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

9.    Defendant, whose address is 18901 S Halstead Street, Glenwood, Illinois 60425-1519, is a corporation specializing in grocery retail that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10.    Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

11.    During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.    Plaintiff worked for Defendant as a store associate from on or about June 3, 2024, until Plaintiff's unlawful termination on or about April 30, 2025.

13.    Plaintiff was qualified for her position and was able to perform the essential functions of her job.

14.    Plaintiff is a member of protected classes because of her sex (female) and sexual orientation (lesbian).

15.    Since at least March 21, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected classes and has subjected

2

Plaintiff to a hostile work environment on the basis of sex and sexual orientation, violating Title VII.

16. On or around March 21, 2025, Plaintiff was subjected to sexual harassment by a customer who called her a homophobic slur, "dyke bitch," while Plaintiff was cleaning the restroom.

17. Despite the inappropriate behavior, Plaintiff calmly responded, asking the customer to refrain from using the slur.

18. Following the incident, Plaintiff was treated less favorably than similarly situated employees outside her protected class.

19. Plaintiff was forced to stay in the office, while the customer who had harassed her was seen laughing with her supervisor, Carrie, shortly after the incident.

20. Plaintiff engaged in protected activity by reporting the harassment to management, requesting that proper action be taken against the customer.

21. On March 21, 2025, Plaintiff had a follow-up meeting with Ellie (District Manager) and Stephanie (Store Manager), where Plaintiff explained the entire interaction with the customer, including the verbal abuse she endured.

22. However, Ellie downplayed the incident, suggesting that Plaintiff was responsible for "setting off" the customer and implying that the harassment was a normal part of customer service.

23. Stephanie also dismissed Plaintiff's concerns, stating she was frequently mistaken for a man and that Plaintiff needed to put her "pride to the side" to avoid such incidents.

24. On or about April 30, 2025, Plaintiff was terminated by Stephanie and Ellie, allegedly for processing returns without a customer present.

3

25. However, when Plaintiff tried to provide evidence disproving the accusation, including offering to call a coworker (Nyjee) to verify her account, Defendant refused to investigate further.

26. Plaintiff was terminated despite no clear evidence supporting the claims.

27. Plaintiff was unlawfully terminated because of her sex, (female) and sexual orientation (lesbian) on April 30, 2025.

28. Plaintiff's termination was pretextual.

29. Plaintiff was retaliated against and ultimately terminated for opposing the sex-based discrimination and harassment she experienced, including the mistreatment she faced from the customer and the inadequate response from management.

30. Plaintiff reported the sex-based discrimination, harassment, and verbal abuse to Defendant and sought appropriate action, but instead, Defendant subjected her to retaliatory treatment, culminating in her termination.

31. Defendant knew or should have known of the customer's discriminatory conduct, but Defendant failed to take prompt and appropriate corrective action.

32. Plaintiff was targeted for termination due to her sex and sexual orientation, and for reporting the unlawful harassment and discrimination she experienced while performing her job.

33. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

34. There is a basis for employer liability for the sex-based discrimination and harassment Plaintiff was subjected to.

35. Defendant failed to take appropriate action in response to Plaintiff's complaints, and instead, Plaintiff was retaliated against for asserting her rights.

36.     Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff reported the homophobic slur used by the customer, addressed the mishandling of the situation by management, and opposed the sex-based harassment she faced at work.

37.     Plaintiff's male coworker, Assistant Store Manager, Ivan Perez, who was underperforming and did not meet performance expectations, was not terminated, despite failing to meet job requirements, whereas Plaintiff was terminated for allegedly processing returns without a customer present, which was not substantiated by any clear evidence, further proving that Plaintiff's termination was pretextual and based on her sex and sexual orientation.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

38.     Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

39.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

40.     Plaintiff was qualified for her position and was able to perform the essential functions of her job.

41.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

42.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex and sexual orientation.

43.     Plaintiff is a member of protected classes under Title VII, due to Plaintiff's sex (female) and sexual orientation (lesbian).

44.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

45.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Sex-Based Harassment)**

46.     Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

47.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48.     Defendant knew or should have known of the harassment.

49.     The sex and sexual orientation-based harassment was severe or pervasive.

50.     The sex and sexual orientation-based harassment was offensive subjectively and objectively.

51.     The sex and sexual orientation-based harassment was unwelcomed.

52.     Plaintiff is a member of protected classes under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex (female) and sexual orientation (lesbian).

53.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

54.     As a direct and proximate result of the sex and sexual orientation-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

55. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

56. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

57. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex and sexual orientation-based discrimination and harassment.

58. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex and sexual orientation-based discrimination and harassment.

60. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

62. By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex and sexual orientation-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

63. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

64.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.     Back pay with interest;

b.     Payment of interest on all back pay recoverable;

c.     Front pay;

d.     Loss of benefits;

e.     Compensatory and punitive damages;

f.     Reasonable attorneys' fees and costs;

g.     Award pre-judgment interest if applicable; and

h.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 12th day of February 2026.

/s/*Travis P. Lampert*
**Travis P. Lampert, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
tlampert@atlaslawcenter.com
*Counsel for Plaintiff*